IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAX D. SIEGEL and ANGELA M. SIEGEL, | ) )  ) ) | 
| Plaintiffs, | ) ) |
| v. | ) ) |
| DEUTSCHE BANK NATIONAL TRUST CO., et al, | ) ) ) |
| Defendants. | ) ) |

8:08CV517

MEMORANDUM AND ORDER

This matter is before the court on the request for a temporary restraining order in this case (Filing No. 2). The court has carefully reviewed the complaint (Filing No. 1) and the motion in this case. The complaint alleges that following the default of the plaintiffs, certain defendants filed an action in state court for default. The state court judge in Buffalo County, Nebraska, ordered foreclosure. A final order is to be entered today, December 1, 2008. Plaintiffs in this case allege that they have been charged excess interest in the amount of $610.00 and that there exist issues of truth in lending violations and invalid assignments of the deed of trust. The state court judge apparently did not allow the plaintiffs to amend their answer to include the federal claims. Additionally, the plaintiffs are in bankruptcy but the stay is lifted as to this case. The plaintiffs ask this court to stay any action in the Buffalo County, Nebraska court. The court has applied the *Dataphase* factors and concludes that the temporary restraining order is denied.

The extraordinary remedy of a preliminary injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to it; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir.1981) (en banc). No single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir.1996); *see also Modern Computer Sys., Inc. v. Modern Banking Sys.*, Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

With regard to the first factor, the court concludes that plaintiffs may continue this lawsuit, and if successful, may win an award of damages to compensate them for the wrongful sale of their home. Second, the court determines that the harm to the defendants versus the plaintiffs in this case is unclear. Defendants have pursued this action in state court and are ready to proceed under a final order. Plaintiffs will lose their home, but they are admittedly in default status. Third, based on what the court has determined at this early juncture in the case, it is not probable that the plaintiffs will win on the merits. The court is not sure it will ultimately have subject matter jurisdiction as the case proceeds. Fourth, with regard to the public interest, the public has a right to have cases proceed in an efficient manner through the court systems. In this case, the plaintiffs have proceeded through the state court process, through the bankruptcy process, and on the date of the final order, the plaintiffs filed a lawsuit in federal court. The court finds this factor likewise weighs in favor of the defendants.

THEREFORE, IT IS ORDERED that the motion for temporary restraining order (Filing No. 2) is denied.

DATED this 1st day of December, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court