IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAX D. SIEGEL and ANGELA M. SIEGEL, | ) ) ) | |
| | ) | 8:08CV517 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| DEUTSCHE BANK NATIONAL TRUST CO., et al, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on the plaintiffs' motion for clerk's entry of default, Filing No. 33; defendants' motion for summary judgment, Filing No. 15; and plaintiffs' motion to continue summary judgment, Filing No. 17. This is an action for violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as well as fraud and conspiracy in connection with a mortgage loan made to the plaintiffs on July 11, 2002.

In their motion for summary judgment, the defendants assert that the plaintiffs' claims are either barred by the statute of limitations or fail to state a claim for relief. Filing No. 15. All of the defendants' contentions are based on the allegations of the plaintiffs' complaint or supporting documents attached to the complaint. *See* Filing No. 16, Brief. Accordingly, though captioned a motion for summary judgment, the pleading is more in the nature of a motion to dismiss. The plaintiffs' "motion to continue summary judgment" is premised on their assertion that they need time to conduct discovery in order to respond

to the motion. The court finds that whether construed as a motion to dismiss or a motion for summary judgment, no discovery is needed to formulate a response to the motion, which involves issues of law. In the interest of justice, the court finds the plaintiffs should be allowed to respond to the motion. However, the court further finds it appropriate to expedite response times under the circumstances.

The plaintiffs' motion for default judgment is based on the defendants' failure to file an answer by July 6, 2009. The court extended the defendants' response time to July 6, 2009. Filing No. 14. The defendants filed their motion for summary judgment well within that time. Rule 55 of the Federal Rules of Civil Procedure provides for a clerk's entry of default if a defendant has "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). The Advisory Committee notes with regard to the 2007 amendments to the Federal Rules state that the former rule seemed to imply that the "clerk should enter a default even if a party did something showing an intent to defend, but the act was not specifically described by the rules," and noted that "[c]ourts in fact have rejected that implication." Fed. R. Civ. P. 55 advisory committee's note (2007 Amendments). Defendants have clearly evinced an intent to defend. Accordingly,

IT IS ORDERED:

1. The defendants' motion for summary judgment (Filing No. 15) is construed as a motion to dismiss or alternatively a motion for summary judgment.

2. The plaintiffs shall respond to the defendants' motion to dismiss or alternatively a motion for summary judgment within seven days of the date of this order; the defendants have seven days thereafter in which to file a reply, if any.

      3. The plaintiffs' motion to continue summary judgment (Filing No. 17) is denied as moot.

      4. The plaintiffs' motion for a clerk's entry of default (Filing No. 33) is denied.

DATED this 2nd day of September, 2009.

                                BY THE COURT:

                                s/ Joseph F. Bataillon
                                Chief District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.